B.J. THOMAS, Gene F. Pitney, Shirley Owens, Alston Reeves, Beverly Lee, Doris Coley Jackson, Vernon McFadden, Hank Ballard, Plaintiffs–Appellees,

v.

Gayron M. LYTLE, Gusto Records, and GML, Inc., Defendants–Appellants.

No. 01–5005.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2002.

Before ALAN E. NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

CLAY, Circuit Judge.

Defendants Gayron M. Lytle, Gusto Records, and GML, Inc., appeal the order entered by the district court awarding Plaintiffs B.J. Thomas, Gene F. Pitney, Shirley Owens, Alston Reeves, Beverly Lee, Doris Coley Jackson, Vernon McFadden, and Hank Ballard, monetary damages in a contract action brought by Plaintiffs against Defendants for unpaid royalties following a bench trial. Plaintiffs success-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

fully argued below that Defendants breached their recording contract by failing to pay royalties based on their sales of Plaintiffs' various recordings over an eight-year period. Defendants also appeal the district court's order awarding Plaintiffs attorney's fees, costs and expenses.

The district court concluded that Plaintiffs were entitled to $1,085,325 for the foreign exploitation of their recordings. The court further found Defendants liable to Thomas for $85,848 for the domestic exploitation of one of Thomas' albums. Defendant Lytle personally controlled the corporate defendants, GML Inc. and Gusto Records. Looking at a variety of factors, including Lytle's improper relationship with the accountant for the corporate defendants and his use of the corporations to enter into unjustifiable financial transactions, the district court authorized Plaintiffs to pierce the corporate veil and recover from Lytle individually if they could not recover from GML and Gusto. The district court also awarded Plaintiffs $824,040.55 in attorneys' fees and $120,965.07 in related costs and expenses.

Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 341 (6th Cir.1997). We review the district court's award of attorneys' fees for abuse of discretion. *Hadix v. Johnson*, 65 F.3d 532, 534–35 (6th Cir.1995).

Following our extensive review of the record, all applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court's orders contain no reversible error as to the court's judgment in favor of Plaintiffs.[1] We further conclude that the district court did not abuse its discretion in awarding Plaintiffs attorneys' fees. Since issuing a full opinion would serve no jurisprudential purpose, we AFFIRM the district court's orders on the basis of the district court's memorandum opinions.

---

1. We recognize that a recent opinion by the New York Court of Appeals, *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002), questioned our earlier decision. *Thomas v. Gusto Records*, 939 F.2d 395 (6th Cir.1991). To the extent *Greenfield* departs from earlier New York jurisprudence, it has no bearing here because *Greenfield* involved the interpretation of a contract silent on an important issue and thus possibly ambiguous for that reason. *Greenfield*, 98 N.Y.2d at ——, 750 N.Y.S.2d at ——, 780 N.E.2d at ——. The agreements disputed in this case are neither silent on issues important to a resolution of the parties' dispute nor ambiguous.